UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB ATKINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SRS DISTRIBUTION INC., a foreign profit corporation doing business as CB WHOLESALE, STONEWAY ROOFING SUPPLY, STONEWAY ROOFING, and SRS BUILDING PRODUCTS; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No. 2:25-cv-02497<br><br>**NOTICE OF REMOVAL**<br><br>***[King County Superior Court Case No. 25-2-32975-5 SEA]*** |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Defendant SRS Distribution Inc. ("Defendant"), by and through its attorneys, hereby removes the above-captioned action, currently pending in the Superior Court of King County, Washington, to the United States District Court for the Western District of Washington. Removal is based on 28 U.S.C. §§ 1332, 1441, 1446 and 1453. As grounds for removal, Defendant states as follows:

## BACKGROUND

1. Plaintiff Jacob Atkinson ("Plaintiff") commenced this action on or about November 4, 2025, by filing a Class Action Complaint for Discrimination with the Clerk of the Superior



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

Court of King County, Washington ("State Court Action"). The State Court Action has been assigned Case No. 25-2-32975-5 SEA. A true and correct copy of Plaintiff's Complaint is attached hereto.

**STATUTORY REQUIREMENTS**

2. Plaintiff purports to bring this action as a putative class action. *See generally*, Complaint. Plaintiff seeks to represent the following putative class:

> All individuals who applied for a job opening in Washington with SRS Distribution Inc. where the job posting did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant from January 1, 2023, through July 26, 2025.

Complaint at ¶ 40.

3. Plaintiff asserts one claim against Defendant under Washington's Equal Pay and Opportunities Act ("EPOA") for a purported violation of RCW 49.58.110. *Id.* at ¶¶ 48-54. Specifically, Plaintiff alleges that "[he] and Plaintiff and more than 40 Class members applied to job openings with Defendant for positions located in Washington where the postings did not disclose the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant." *Id.* at ¶ 22. Plaintiff alleges that some or even all of Defendant's job postings were deficient: "Defendant continued to withhold the wage scale or salary range or a general description of all of the benefits and other compensation to be offered to the hired applicant in some, if not all, of their job postings for Washington-based positions." *Id.* at ¶ 23.

4. <u>Amount in Controversy</u>. Plaintiff seeks $5,000 in statutory damages for each putative class member. *Id.* at ¶ 39. He also seeks his reasonable attorneys' fees and costs. *Id.*

**GROUNDS FOR REMOVAL**

5. Defendant removes this matter based on 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 and specifically the Class Action Fairness Act of 2005 ("CAFA").

///

///



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

**A. CAFA Jurisdiction**

6. Under CAFA, a defendant may remove a putative class action if: (1) there are at least 100 putative class members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).

7. Defendant denies Plaintiff's factual allegations and further denies that Plaintiff, or the class he purports to represent, are entitled to the requested damages. Defendant opposes class certification and the merits of Plaintiff's claim. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

**i. The Proposed Class Contains at Least 100 Members**

8. Plaintiff alleges that Defendant did not disclose the wage scale or salary range in its job postings. Complaint at ¶ 22. Defendant received in excess of 1,000 job applications between January 1, 2023, and July 26, 2025 for jobs in Washington. Declaration of Leah Taglione in Support of Defendant's Notice of Removal ("Taglione Decl.") at ¶ 3. Defendant, therefore, satisfies CAFA's requirement to establish more than 100 putative class members.

**ii. The Aggregate Amount in Controversy Exceeds $5 Million**

9. To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[T]he defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

10. To establish the damages threshold, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. "[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1197). Furthermore, "the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id.*

11. Here, Plaintiff's sole cause of action is based on the assumption that Defendant did not disclose the wage scale or salary range in its job postings seeking Washington workers since January 1, 2023. Complaint at ¶ 22. For each person applying to an allegedly deficient job posting, Plaintiff seeks $5,000 in statutory damages. *Id*. at ¶ 39.

12. Defendant received more than 1,000 job submissions between January 1, 2023, and July 26, 2025, for Washington State job postings. Taglione Decl. at ¶ 3. Accordingly, Plaintiff puts at least $5,000,000 in controversy (1,001 x $5,000 = $5,005,000).

13. Plaintiff brought this action under RCW 49.58.110, which provides for recovery of "reasonable attorneys' fees" under RCW 49.58.070. Plaintiff specifically requests an award of attorneys' fees in his Complaint. Complaint at ¶¶ 39, 55. "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922. The Ninth Circuit has held that a 25 percent recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir. 2022); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 457 (9th Cir. 2009); *Morden v. T-Mobile USA, Inc.*, No. C05-2112RAJ, 2008 WL 11506696, at *1 (W.D. Wash. Apr. 16, 2008) ("The Ninth Circuit has established 25 percent of the fund as a benchmark for a reasonable attorney fee award."). While this 25% benchmark is not a *per se* rule, "many courts in the Circuit have accepted 25 percent estimates as reasonable" for purposes of removal. *Leander v. Accent Controls, Inc.*, No. 24-CV-01821-GPC-SBC, 2025 WL 301294, at *8 (S.D. Cal. Jan. 27, 2025) (collecting cases); *see Aaland v. Albertsons Companies Inc., et al.*, No. 2:25-CV-00637-MLP, Dkt. No. 25 at *8 (W.D. Wash.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

June 20, 2025) ("Accordingly, the Court accepts this [25] percentage as a reasonable estimate for calculating the amount in controversy.").

14. In fact, Plaintiff's counsel recently sought $1,121,000 in attorneys' fees in an EPOA class action settlement — equivalent to 29.5 percent of that case's maximum settlement fund of $3,800,000. *See* Declaration of Priya B. Vivian ("Vivian Decl.)., Ex. A.

15. Plaintiff's request for attorneys' fees, therefore, places an additional $1,251,250 in controversy (25 percent of $5,005,000). Complaint at ¶ 39.

16. Overall, Plaintiff places more than $5,000,000 in controversy, and Defendant satisfies CAFA's amount-in-controversy requirement.

**iii. There is Minimal Diversity**

17. CAFA requires the removing party to show that one putative class member is a citizen of a different state than one defendant. See 28 U.S.C. § 1332(d)(2)(A); *see also United Steel v. Shell Oil Co*., 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA *broadens* diversity jurisdiction for class actions by requiring only minimal diversity).

18. <u>Defendant's CAFA Citizenship</u>. Under CAFA, a corporation is a citizen in the states of its incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). An entity's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

19. Here, SRS Distribution Inc. is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Texas. *See* Corporate and Diversity Disclosure Statement filed concurrently herewith at ¶ 1; *see also* Taglione Decl. at ¶ 2. Hence, for CAFA jurisdiction purposes, Defendant is a citizen of Texas and Delaware.

20. <u>Diverse Citizenship of a Putative Class Member</u>. A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id*. A person's



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

21. Here, the named Plaintiff is a citizen of Washington. Complaint at ¶ 16 ("Plaintiff Jacob Atkinson resides in King County, Washington and applied for a position with Defendant in Washington.")

22. Therefore, at least one member of the putative class (the named Plaintiff) is a citizen of a different state from Defendant. As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

## PROCEDURAL REQUIREMENTS

23. Removal to this Court is Proper. Pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446(a) and 1453, Defendant files this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff has brought the State Court Action — in King County, Washington. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(b).

24. Removal is Timely. The Complaint was first served on Defendant on November 18, 2025. Receipt of the Complaint on this date constitutes the first notice of the State Court Action or of federal jurisdiction over the State Court Action for Defendant. *Id.* Defendant has filed this Notice within 30 days after receipt of the Complaint in the State Court Action, and as such, removal is timely. *See* 28 U.S.C. § 1446(b)(3).

25. Signature. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

26. Pleadings and Process. True and correct copies of the pleadings on file in the State Court Action, including a current docket sheet, are attached to the Vivian Decl., Ex. B. *See* 28 U.S.C. § 1446(a). Defendant has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

27. No Waiver. By seeking removal, Defendant does not waive, and expressly reserves all rights, defenses, or objections of any nature that it may have to Plaintiff's claims. Specifically,



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

Defendant does not waive any of its affirmative defenses as to sufficiency of process, sufficiency of service and/or of process, jurisdiction, venue, right to arbitration, failure to state a claim, failure to join a party, or any other affirmative defense in this matter.

28. Notice. Defendant will promptly serve Plaintiff and file with this Court the Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Defendant will also promptly file with the Clerk of the Superior Court of Washington, County of King, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

29. Documents to Be Filed with Notice of Removal. Pursuant to Local Civil Rule 101(b), the following documents are filed contemporaneously with this Notice of Removal: (1) a copy of the operative complaint; (2) a certificate of service listing all counsel and pro se parties who have appeared in the action, including contact information; and (3) a completed civil cover sheet (AO44). Plaintiff has not made a jury demand.

DATED: December 8, 2025

BALLARD SPAHR LLP

By *_/s/ D. Michael Reilly_*
D. Michael Reilly, WSBA No. 14674

By *_/s/ Priya B. Vivian_*
Priya B. Vivian, WSBA No. 51802

By *_/s/ Erin M. Wilson_*
Erin M. Wilson, WSBA No. 42454

1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Email: reillym@ballardspahr.com
vivianp@ballardspahr.com
wilsonem@ballardspahr.com
*Attorneys for Defendant SRS Distribution Inc.*

**CERTIFICATE OF SERVICE**

I, Shanynn Foster, hereby certify under penalty of perjury of the laws of the United States that on the date below, I caused to be served a copy of the foregoing document, on the following person(s) at the following address(es):

| | |
|---|---|
| Timothy W. Emery, WSBA No. 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>EMERY REDDY, PC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: (206) 442-9106<br>Fax: (206) 441-9711<br>emeryt@emeryreddy.com<br>reddyp@emeryreddy.com<br>paul@emeryreddy.com<br>*Attorneys for Plaintiff* | ☒ CM/ECF<br>☐ by U.S. Mail<br>☐ by Electronic Mail<br>☐ by Electronic Mail pursuant to e-service agreement<br>☐ by Overnight Delivery<br>☐ by Hand Delivery |

D. Michael Reilly, WSBA No. 14674
Priya B. Vivian, WSBA No. 51802
Erin M. Wilson, WSBA No. 42454
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email: reillym@ballardspahr.com
vivianp@ballardspahr.com
wilsonem@ballardspahr.com
*Attorneys for Defendant SRS Distribution Inc.*

DATED this 8th day of December 2025.

*s/ Shanynn Foster*
Shanynn Foster
Legal Administrative Assistant