UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB ATKINSON,

           Plaintiff,

    v.

SRS DISTRIBUTION INC.,

           Defendant.

CASE NO. 2:25-cv-02497-JNW

REMAND ORDER

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. No. 11. The Court has addressed many of the same legal issues presented here—Article III standing in EPOA pay transparency cases and the futility exception—in numerous prior orders. *See, e.g., Milito v. Infosys Ltd.*, No. 2:25-cv-1204-JNW, 2025 WL 3677484 (W.D. Wash. Dec. 18, 2025); *Nyannor v. Aramark Servs. Inc.*, No. 2:24-cv-1543-JNW, 2025 WL 3677478 (W.D. Wash. Dec. 18, 2025). The Court incorporates the legal framework set out in those orders. Having reviewed the motion, Defendant's opposition, the reply, and the supporting materials, the Court GRANTS the motion.

REMAND ORDER - 1

## 2.  BACKGROUND

Plaintiff Jacob Atkinson filed this class action in King County Superior Court against Defendant SRS Distribution, Inc. claiming Defendant violated the pay transparency requirements of Washington's Equal Pay and Opportunities Act (EPOA), RCW 49.58.110. The EPOA requires employers with fifteen or more employees to disclose wage and salary information in job postings. RCW 49.58.110(1). The Court has set forth the EPOA's statutory background in detail in its prior orders. *See Milito*, 2025 WL 3677484, at *1; *Nyannor*, 2025 WL 3677478, at *1.

Atkinson alleges that he applied for a job offered in Washington. Dkt. No. 1-1 ¶ 16. He alleges that the job posting did not disclose the wage scale or salary range to be offered to the hired applicant. *Id*. ¶ 27. He alleges that he and more than forty class members applied to job openings with Defendant during the relevant period. *Id*. ¶ 22. Atkinson's complaint is virtually identical to the complaints in numerous EPOA cases that courts in this district—including this Court—have remanded for lack of Article III standing. Dkt. No. 17 at 8 (listing cases).

SRS Distribution removed the action, and Atkinson asserts that the matter was improperly removed.

## 3.  DISCUSSION

### 3.1  Plaintiff lacks Article III standing.

The Court finds that it lacks subject matter jurisdiction over this matter because Atkinson does not have Article III standing, having failed to identify a

REMAND ORDER - 2

concrete injury from Defendant's failure to provide statutorily required salary information.

The governing legal framework is well established and this Court has applied it repeatedly. "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). The standing inquiry begins with a simple principle: "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Plaintiff bears the burden of establishing each of these elements "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" *Id.*; *accord Tingley v. Ferguson*, 47 F.4th 1055, 1066 (9th Cir. 2022).

Where standing hinges on the violation of a statutory right, courts engage in a two-part inquiry. *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021). "We first consider 'whether the statutory provisions at issue were established

to protect . . . concrete interests (as opposed to purely procedural rights).'" *Id.* (quoting *Robins v. Spokeo*, Inc., 867 F.3d 1108, 1113 (9th Cir. 2017)). "If so, we then assess 'whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.'" *Id.* (quoting *Spokeo*, 867 F.3d at 1113).

As this Court has explained in prior orders, the EPOA's salary disclosure requirement was established to protect concrete, non-procedural rights—specifically, to arm applicants with enough information to ensure fair pay negotiations and to avoid wasting time interviewing for positions whose pay would never be adequate. *See Milito*, 2025 WL 3677484, at *3; *Nyannor*, 2025 WL 3677478, at *3. The first prong of the *Magadia* inquiry is therefore satisfied.

Atkinson, however, fails at the second prong. He has not shown how Defendant's nondisclosure caused him actual harm or material risk of harm. He alleges that he "lost valuable time," was unable to negotiate, and was "unable to evaluate the pay for the position and compare it to other available positions in the marketplace." *Id.* ¶¶ 31–33. But these allegations fail to show any actual harm against which the EPOA intends to protect. Nowhere has Atkinson alleged that he ever received a specific response, was offered an interview, or that he engaged in any pay negotiations. As Judge Rothstein concluded in *Floyd v. Insight Glob. LLC*, "[a] job posting that does not contain compensation information is a technical violation, but it does not harm or create a material risk of harm to any individual's concrete interest" because "[a] nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack

REMAND ORDER - 4

thereof." No. 23-CV-1680-BJR, 2024 WL 2133370, at *7 (W.D. Wash. May 10, 2024), amended on reconsideration, 2024 WL 3199858 (W.D. Wash. June 26, 2024). Defendant's invocation of Atkinson's conclusory phrase "economic and non-economic harm" changes nothing. Labels do not create concrete injury where the underlying facts do not support one.

Atkinson has failed to identify a concrete and particularized injury sufficient to satisfy Article III standing. This conclusion is consistent with the uniform approach of every judge in this district to have considered the issue. In multiple cases involving nearly identical EPOA claims, courts in this district have held that plaintiffs who do not allege bona fide applicant status, an interview offer, or engagement in pay negotiations lack Article III standing. *See, e.g., Floyd v. Photon Infotech Inc.*, No. C24-01372-KKE, 2025 WL 3442736 (W.D. Wash. Dec. 1, 2025); *Eggleston v. Bruckner Truck Sales Inc.*, No. C25-1467-JLR, 2025 WL 3153503 (W.D. Wash. Nov. 12, 2025); *Hill v. Les Schwab Tire Centers of Washington LLC*, No. 24-CV-425-BJR, 2025 WL 3062646 (W.D. Wash. Oct. 31, 2025). This Court knows of no case in this district reaching a contrary result.

The Court is aware that Defendant, and others in its position, contend that Plaintiff's counsel takes inconsistent positions by arguing in federal court that these plaintiffs lack Article III standing while simultaneously contending in state court that the same allegations support standing. *See* Dkt. No. 17 at 7–9. That litigation dynamic does not change the Court's analysis. Article III standing is the Court's independent obligation to assess regardless of the parties' positions, and the appropriate forum for resolving questions of state-law standing is the state court.

REMAND ORDER - 5

Because the Court lacks subject matter jurisdiction, it does not reach the parties' arguments about CAFA's amount-in-controversy requirement.

### 3.2    The futility exception does not apply.

Defendant argues in the alternative that the Court should apply the futility exception and dismiss rather than remand. Dkt. No. 17 at 8. The Court declines for the reasons stated in its prior orders. *See Milito*, 2025 WL 3677484, at *4–5; *Nyannor*, 2025 WL 3677478, at *4–5.

The futility exception is difficult to reconcile with 28 U.S.C. § 1447(c)'s plain language, and it is questionable whether it remains good law. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197–98 (9th Cir. 2016). Even assuming it remains valid, the exception is "narrow" and applies only where there is "absolute certainty" that a state court would dismiss the action following remand. *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189–90 (9th Cir. 2022). Defendant has not made that showing.

Defendant's principal new argument rests on the King County Superior Court's January 8, 2026, ruling in *Milito v. Meta Platforms, Inc.*, King Cnty. Case No. 25-2-13740-6 SEA, which Defendant cites for the proposition that "remand would be futile because Plaintiff would have no standing in state court either." Dkt. No. 17 at 3. Defendant is correct that Judge Ryan recognized injury in fact as a requirement for EPOA standing. Dkt. No. 18-5 at 44. But Judge Ryan then applied that standard and denied the motion to dismiss on standing, finding that he could not say "there's no set of circumstances under which [the plaintiff] has an injury in

REMAND ORDER - 6

fact under the statute." *Id* at 45. Fairly read, Defendant's brief creates the misimpression that *Milito v. Meta* resulted in a dismissal for lack of standing when the court in fact denied that challenge. What Judge Ryan granted was the separate retroactivity portion of the motion, a question not at issue here. *Id.* at 47–50; Dkt. No. 18-1 at 3.

A ruling that articulates the standard but denies dismissal under it is evidence against futility, not for it. And even if Judge Ryan had dismissed on standing grounds, the existence of a single contrary ruling among state trial courts does not establish futility. Washington courts are not bound by Article III, *Polo*, 833 F.3d at 1196, and under *Branson*, Atkinson need not prove bona fide applicant status to seek remedies under the EPOA. 574 P.3d at 1040. Thus, the futility exception does not apply.

### 3.3 The Court declines to certify the question to the Washington Supreme Court.

Defendant requests that the Court certify to the Washington Supreme Court the question of whether injury in fact is required for standing under the EPOA. Dkt. No. 17 at 10–13. The Court declines the invitation. Having found that it lacks subject matter jurisdiction, the Court's authority to act is limited. The question this Court resolves—whether Atkinson has alleged a concrete injury sufficient to satisfy Article III—is a federal constitutional question. The question about what Washington's standing requirements demand of EPOA plaintiffs is properly resolved by the state courts on remand. *See Polo*, 833 F.3d at 1196.

REMAND ORDER - 7

## 4. CONCLUSION

The Court finds that Atkinson has failed to allege an injury to a concrete interest sufficient to satisfy Article III standing. The Court therefore lacks subject matter jurisdiction and GRANTS the Motion to Remand. Dkt. No. 11. The Court REMANDS this matter to the King County Superior Court, effective fourteen (14) days from the date of this Order. *See* LCR 3(i). Defendant's pending Motion to Strike Class Allegations is DENIED as moot. Dkt. No. 8.

Dated this 2nd day of April, 2026.

Jamal N. Whitehead
United States District Judge

REMAND ORDER - 8